UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **WEMORE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-5331** |
| **REPUBLIC FIRE & CASUALTY INSURANCE COMPANY** | **SECTION: "H"(5)** |

### ORDER AND REASONS

Before the Court is a Motion to Remand (R. Doc. 18). For the following reasons, the Motion is GRANTED, and the above-captioned matter is REMANDED to state court.

### BACKGROUND

This is a civil action originally filed in the 40th Judicial District Court, Parish of St. John the Baptist. Defendant Republic Fire & Casualty Insurance Company subsequently filed a notice of removal, invoking this Court's diversity jurisdiction. Plaintiff Wemore LLC responded with the instant Motion and argues that the parties are not completely diverse.

**LEGAL STANDARD**

Subject matter jurisdiction in this case is premised upon diversity of citizenship.  *See* 28 U.S.C. § 1332.  Cases arising under Section 1332 require, *inter alia*, complete diversity of citizenship.  *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010).  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *McClaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks omitted).  In cases removed to federal court, complete diversity must exist at the time of removal.  *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).

A corporation is deemed a citizen of (1) its state of incorporation, and (2) the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1).  Unlike corporations, the "citizenship of a LLC is determined by the citizenship of all of its members."  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  When an individual's citizenship is challenged, the individual bears the burden of defeating that challenge by a preponderance of the evidence.  *Welsh v. Am. Sur. Co. of N.Y.*, 186 F.3d 16, 17 (5th Cir. 1951); *accord Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 798 (5th Cir. 2007).

**LAW AND ANALYSIS**

The parties agree Defendant is a citizen of Texas and Oklahoma.  The dispute in this matter concerns the citizenship of one of Plaintiff's members—Brian Bechtel ("Bechtel").  Plaintiff argues

2

Bechtel became a Texas citizen in March 2012.  For the following reasons, the Court agrees.

For purposes of diversity jurisdiction, the terms "citizenship" and "domicile" are synonymous.  *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir. 1972).  An individual acquires a "domicile of origin" at birth.  *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 449 (5th Cir. 2003).  This domicile is presumed to continue.  *Preston*, 485 F.3d at 797–98.  An individual can rebut the presumption and acquire a new domicile by demonstrating (1) residence in a new a state, and (2) an intention to remain in that state indefinitely.  *Acridge*, 334 F.3d at 448.  In determining whether an individual intends to establish a new domicile, courts may consider the state(s) in which the individual (1) exercises civil and political rights, (2) pays taxes, (3) owns real and personal property, (4) has driver's and other licenses, (5) maintains bank accounts, (6) belongs to clubs and churches, (7) has places of business or employment, and (8) maintains a home for his family.  *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).  These factors are merely illustrative, not exclusive.  *Id.*  The Court has broad discretion to determine what evidence it will consider in adjudicating a motion to remand and may look to anything in the record, including affidavits.  *See id.* at 249.

The record is clear that Bechtel has abandoned his old domicile and established a new domicile in Texas.  Bechtel attests he has resided in Texas continuously since March 2012, maintains a Texas pilot's license and a Texas driver's license, and is registered to vote in Texas.  Bechtel's only remaining connection to Louisiana appears to be a partial ownership interest in real

property located in Baton Rouge and membership in a limited liability company organized under Louisiana law. The Court finds these objective facts sufficient to demonstrate that Bechtel became a Texas citizen prior to removal of the instant law suit.

Bechtel also attests he intends to purchase property in Texas in the next two years and remain in Texas indefinitely. This statement of intent underscores the conclusion that Bechtel has acquired a new domicile. *See id.* ("A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts.").

## CONCLUSION

Plaintiff has established by a preponderance of the evidence that Bechtel was a Texas citizen when the instant suit was filed. Because Defendant is also a Texas citizen, complete diversity is not present, and this Court lacks subject matter jurisdiction. Accordingly, this matter is REMANDED to the 40th Judicial District Court, Parish of St. John the Baptist.

New Orleans, Louisiana, this 18th day of February, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**